# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**EDNA JANE FAVREAU,**

        **Plaintiff,**

**-vs-**                               **Case No. 6:07-cv-723-Orl-22DAB**

**STATE OF FLORIDA,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION AND DECLARATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (Doc. No. 2)**
>
> **FILED:**   **May 3, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff seeks to proceed in this action *in forma pauperis*. Upon an affidavit of indigency, any court of the United States may authorize a party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Plaintiff fails to allege a non frivolous cause of action within the limited jurisdiction of the federal court. This Court is without jurisdiction over Plaintiff's "appeal" of the state-court judgments pursuant to the *Rooker-Feldman* doctrine.

Plaintiff filed her Complaint[1] seeking "review of errors in decisions by the Florida Supreme Court dated April 20, 2007 and the Fifth District Court of Appeal, denying federal ADA laws to a certified disabled victim of crime, and unable to rehire an attorney to help her due to lower court's obstruction of her justice by denying equal access to the court to redress the irrational disability discrimination."[2]  Doc. No 1 at 1.  Plaintiff contends that there is "concrete evidence to 'prove' that several officers in the lower court have abused their power by having no loyalty to the law of the land."  Doc. No. 1 at 2.  She is petitioning "this Court for review of the lower courts errors in its findings that her Petition was untimely" and alleges "fraud upon the lower court."  Doc. No. 1 at 8.  Plaintiff also appears to challenge the removal in the state courts of a lien that she claims was not "unlawful."  Doc. No. 1 at 6.  Plaintiff vaguely alleges that her "auxiliary hearing and understanding aid" which could "replay" what was going on – describing what sounds like a tape recorder – was taken away from her at the state court.  Doc. No. 1 at 21.

Based on case numbers for Plaintiff's matters in Volusia County Court listed in the Complaint, it appears that Plaintiff was involved in a number of probate, small claims, and mortgage foreclosure actions against (or brought by) Anna May Favreau and is perhaps dissatisfied with the property division in a probate matter, describing certain actions as "the scheme to delay the case for over 14 years."  Doc. No. 1 at 11, 13; *see* www.clerk.org/cm/servlet/org.clerk.  According the Volusia County Clerk's website records summary for Case No. 2005 11945 PRDL, the Florida Supreme Court dismissed the case on its own motion on April 2, 2007; following the December 28, 2006 denial of Plaintiff's appeal to the Fifth District Court of Appeals.  In a separate "contract/indebtedness" case

---

[1] Plaintiff also claims that she is bringing a class action suit with "a class of one."  Doc. No. 1.

[2] Due to its disorganization and verbosity, Plaintiff's complaint is difficult to follow and characterize.  The description herein is an effort to distill the gravamen of Plaintiff's reason for bringing this action.

against the same Anna May Favreau, Case No. 2006 20046 (also listed in the Complaint), it appears that Plaintiff's appeal to the Fifth District Court of Appeal was submitted in July 2006 and has not yet been decided. Plaintiff appears to have been involved in five cases against Anna May Favreau. In bringing her Complaint in this Court, Plaintiff apparently seeks review of (1) the decision of the Florida Supreme Court in a probate case and (2) the Fifth District Court of Appeal in a case they have not finished deciding.

Federal courts generally cannot review state court proceedings removing liens or finding petitions untimely, since the federal courts are not a forum for appealing state court decisions. *Hays v. Hays*, 789 F.Supp. 378, 379-380 (M.D. Fla. 1992) (citing *Staley v. Ledbetter*, 837 F.2d 1016, 1017-1018 (11th Cir. 1988)(district court lacked jurisdiction to hear a constitutional claim which essentially sought to reverse a state court's custody determination)). The United States District Court "has no authority to review final judgments of a state court in judicial proceedings. Review of such judmgnets may be had only in [the United States Supreme Court]." *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923). Nor, under the *Rooker-Feldman* doctrine, may a federal court "decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." *See Datz v. Kilgore*, 51 F.3d 252, 253 (11th Cir. 1995)(quoting *Staley v. Ledbetter*, 837 F.2d 1016, 1018 (11th Cir. 1988)).

In the case of *Staley v. Ledbetter,* the Eleventh Circuit dismissed federal claims which essentially sought review of a state child custody determination. 837 F.2d 1016 (11th Cir. 1988). In *Staley,* the adopted mother first sought to regain custody of her child in the Georgia state court system, but lost in the juvenile court, the state court of appeals, and in the state supreme court. *Id.* The adopted mother then filed a federal suit claiming violations of her constitutional rights, which the

district court dismissed for lack of jurisdiction. The Eleventh Circuit affirmed the dismissal, stating, "[a federal district court] may not decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." *Staley,* 837 F.2d at 1018; *Hays v. Hays*, 789 F.Supp. 378, 379-380 (M.D. Fla. 1992) (dismissing federal claims by parent challenging decision of state court to terminate visitation rights and seeking to enforce original custody decree). Plaintiff's suit is nothing more than an appeal of the Florida state courts' decisions in probate and contract cases involving family members. The Court is without jurisdiction over Plaintiff's claims. It is **RECOMMENDED** that Plaintiff's application to proceed in forma pauperis be denied and that the complaint be **DISMISSED for lack of jurisdiction.** If Plaintiff istrying to state some other claim within the Court's jurisdiction, she should file an amended complaint and renewed motion to proceed in forma pauperis within 11 days of any Order adopting or approving thid Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 8, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy