# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EDNA JANE FAVREAU,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-723-Orl-22DAB**

**STATE OF FLORIDA,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PERMISSION TO APPEAL *IN FORMA PAUPERIS* IN THIS NEW CASE FROM CASE FL SC07-992 WITH EVIDENCE THAT THE CONSTITUTION WAS ILLEGALLY VIOLATED AND NEGLECTED (Doc. No. 30)** |
| **FILED:** | **July 17, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED as moot**.

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE OF THE COURT TO CORRECT ERROR MADE BY PETITIONER [IN FILING DOC. NO. 27 IN THE "WRONG" CASE] (Doc. No. 31)** |
| **FILED:** | **July 18, 2007** |

**THEREON** it is **RECOMMENDED** that the motion is **DENIED as moot**.

In reviewing an application to proceed *in forma pauperis*, the Court may refuse to permit an appeal without payment of fees "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1988). Plaintiff appeals an Order which denied as moot Plaintiff's Motion for Leave to Proceed In Forma Pauperis because Plaintiff had filed an Amended Complaint and a Renewed Motion to Proceed In Forma Pauperis. Doc. Nos. 7 & 8; Doc. No. 9. Any such appeal – from such an Order denying a motion as moot because a new one was filed by the party – is on its face frivolous and should be denied.

On May 9, 2007, the Court recommended denial of Plaintiff's Motion to Proceed *in forma pauperis* because this federal Court was without jurisdiction over Plaintiff's "appeal" of adverse state-court judgments, pursuant to the *Rooker-Feldman* doctrine. In the original Complaint Plaintiff sought "review of errors" in a decision the Fifth District Court of Appeal, alleging that the courts violated ADA laws, and the state court denied her "equal access to the court to redress the irrational disability discrimination."[1] Doc. No 1 at 1. Prior to the District Judge ruling on the Report recommending dismissal of Plaintiff's Complaint for lack of jurisdiction, Plaintiff filed her Amended Complaint and a Renewed Motion to Proceed *In Forma Pauperis*. Doc. Nos. 7 & 8. Thus, the District Judge denied Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. No. 2) as *moot* in light of Plaintiff's new filings. Doc. No. 9. On May 17, 2007, this Court recommended (Doc. No. 10) denying Plaintiff's Renewed Motion to Proceed *In Forma Pauperis*. Before the District Judge could rule, Plaintiff filed a "Notice of Appeal" on the Report and Recommendation and a Motion to Proceed *In Forma Pauperis on Appeal*. Doc. No. 18, 19. No final judgment had been entered; thus, the matter was not ripe for appeal, despite Plaintiff's notice of appeal, and this Court recommended that

---

[1] As the Court said at that time, "[d]ue to their disorganization and verbosity, Plaintiff's complaints are difficult to follow and characterize. The description herein is an effort to distill the gravamen of Plaintiff's reason for bringing this action."

Plaintiff's application to proceed in forma pauperis be denied as frivolous. Doc. No. 21. Judge Conway denied Plaintiff's motions on June 26, 2007.

Plaintiff filed another Notice of Appeal on July 5, 2007 (Doc. No. 24) as to the denial of the *in forma pauperis*, followed by a Motion for Recusal (Doc. No. 25). Plaintiff subsequently filed a third Notice of Appeal, on July 11, 2007, as to denial of her Motions for Investigation, to Exhibit Evidence, to Proceed In Forma Pauperis, and to Show How Malfeasance Was Used. Doc. No. 27.

Following Judge Conway's denial of Plaintiff's Motion for Recusal (Doc. No. 29), Plaintiff filed her Motion to "Proceed In Forma Pauperis in this New Case from Case Fl. SC07-992 With Evidence That the Constitution Was Illegally Violated and Neglected" on July 17, 2007. Doc. No. 30. "Due to clerk oversight: this is filed nunc pro tunc to transfer document 27 Motion/Appeal from old case." Doc. No. 30. The following day, Plaintiff filed her "Motion for Leave of the Court to Correct Error Made by Petitioner" to transfer Doc. No. 27 – filed as a Notice of Appeal – which she contends was "filed in error in the wrong case" and transfer it to a new case. Doc. No. 31. Plaintiff contends that she mistitled the document a "Notice of Appeal" rather than a "Complaint." The Eleventh Circuit on July 26, 2007 dismissed Plaintiff's first appeal (Doc. No. 18) for lack of jurisdiction. Doc. No. 32. On July 30, 2007, Plaintiff filed her second motion for Judge Conway's recusal. Doc. No. 33.

The Clerk's office opened Plaintiff's new case[2] on July 26, 2007. *See* Case No. 6:07cv1210-19-UAM. As such, Plaintiff's motions to "correct errors" or seeking to open the new case are moot.

---

[2] The Court does not comment on the substance of the new case, merely that Plaintiff has filed the appropriate documents to open a new case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 31, 2007.

                                           *David A. Baker*
                                          DAVID A. BAKER
                                   UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Plaintiff Edna Jane Favreau
Courtroom Deputy