# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EDNA JANE FAVREAU,**

       **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-723-Orl-22DAB**

**STATE OF FLORIDA,**

       **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**　　**MOTION AND DECLARATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (Doc. No. 66)**
>
> **FILED:**　　**January 4, 2008**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

    In reviewing an application to proceed *in forma pauperis,* the Court may dismiss the case or refuse to permit it to continue without payment of fees "if the court determines that . . . (B) the action or appeal- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

    On December 14, 2007, Judge Conway dismissed the action because it failed to state a claim upon which relief can be granted and sought monetary damages against individuals who can not be

liable for such damages.  Doc. No. 60.  Judge Conway dismissed Plaintiff's Third Amended Complaint (Doc. No. 51) with prejudice and without further leave to amend.  Doc. No. 60.

Plaintiff filed a notice of appeal from the order dismissing her claims, "object[ing] to orders with evidence in support of the illegal way the case was mishandled based on the "'false' statement that Florida has full immunity."  Doc. No. 63.  Plaintiff argues she was denied her "right to insolvency" and the district court "ignored the neglect of the lower court's denying the disabled victim of a crime, her right to counsel . . . and because she is in a protected class of persons" entitled to receive 'fair access' to the court under the Americans with Disability Act of 1990.  Doc. No. 63.

Under Eleventh Circuit precedent, a lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight.  *Cummings v. United States*, __ F. Supp. 2d __, No. 6:07cv1029-Orl-22UAM, 2007 WL 2302279, *2 (July 25, 2007 M.D. Fla. 2007) (citing *Clark v. Georgia Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)). The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong.  *Id*.  "The pauper's affidavit should not be a broad highway into the federal courts."  *Cummings*, 2007 WL 2302279 at *2 (citing *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir.1984)). "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Id.* (citing *Phillips*, 746 F.2d at 785).

The Supreme Court held in *Neitzke v. Williams*, that a district court should order a § 1915 dismissal only when a claim lacks an arguable basis in law.  490 U.S. 319, 325 (1989).  However, the Eleventh Circuit has held, following the Supreme Court's *Neitzke v. Williams* decision, that a complaint's "failure to state a claim is evidence – perhaps even strong evidence – of its frivolousness," and the court must determine whether the pauper's chances of ultimate success are

slight. *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990) (discussing *Neitzke,* 490 U.S. at 325-28). The district court may dismiss even meritorious legal theories under § 1915 if the factual allegations in the complaint are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325-28).

In this case, Judge Conway has already determined that Plaintiff's chances of success are "slight" or, stated otherwise, that her presentation of claims is baseless. As her claims are asserted, Plaintiff cannot receive the relief she seeks from the individuals she has sued – she would receive no damages from the state government, nor from any individuals who may have violated her rights; nor would the ADA permit Plaintiff to undo state court judgments or reopen state court cases. Doc. No. 60 at 6. Moreover, the individuals against whom Plaintiff seeks damages are immune. Doc. No. 60 at 10. Plaintiff's Notice of Appeal (Doc. No. 63) is baseless for the reasons described; therefore, it is **RECOMMENDED** that Plaintiff's Motion to Proceed *In Forma Pauperis* be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 15, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy